IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LAVONNE A. HUTCHINSON
LIPFORD,

      Plaintiff,

vs.                                      CASE NO. 1:17-cv-260-MW-GRJ

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff appeals to this Court from a final decision of the Acting Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("SSA"). ECF No. 1. The Commissioner has answered, and both parties have filed briefs outlining their respective positions. ECF Nos. 11, 18, 21. For the reasons discussed below, the Court respectfully recommends that the Commissioner's decision be **AFFIRMED**.

### I. PROCEDURAL HISTORY

Plaintiff, who was formerly employed as a bus driver until she stopped working in March of 2013, filed for disability due to syncope,

1

herniated disc, pinched nerve of shoulder, vertigo, and chronic migraines. R. 131. She protectively[1] filed applications for DIB and SSI on May 8 and May 30, 2014, alleging disability beginning March 2, 2013. R. 10.[2] Her applications were denied initially and upon reconsideration. R. 131-68, 174-89. Following a hearing conducted by an administrative law judge ("ALJ") on July 15, 2016, the ALJ denied Plaintiff's claims. R. 7-28; 239-40. The Appeals Council denied review. R. 1-6. Plaintiff then filed the instant appeal. ECF No. 1.

## II.  STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g) (2018). Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), *Richardson v.*

---

[1] Plaintiff is insured for DIB purposes through December 31, 2018. R. 10.

[2] "R" refers to the administrative record, docketed as ECF No. 12.

*Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen,* 793 F.2d 1177 (11th Cir. 1986) (finding that the court must also consider evidence detracting from evidence on which the Commissioner relied). However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't Health & Human Servs.,* 21 F.3d 1064, 1066 (11th Cir. 1994).

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1) (2012); 20 C.F.R. § 404.1505 (2018).[3] The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. § 404.1520. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1,

---

[3] All further references to 20 C.F.R. will be to the 2018 version, unless otherwise specified.

she is disabled. § 404.1520(d). Fourth, considering a claimant's residual functional capacity ("RFC"), if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. §§ 404.1520(e)-(f). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. § 404.1520(g).

The burden of proof regarding the plaintiff's inability to perform past relevant work initially lies with the plaintiff. *Walker v. Bowen*, 826 F.2d 996, 1002 (11th Cir. 1987); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The burden then temporarily shifts to the Commissioner to demonstrate that "other work" which the claimant can perform currently exists in the national economy. *Doughty*, 245 F.3d at 1278 n.2.[4]

### III. THE ALJ'S DECISION

The ALJ first found that Plaintiff was not working at a substantial gainful activity since the alleged onset date. R. 12. The ALJ then

---

[4] In *Doughty* the court explained this burden shifting as follows:

> In practice, the burden temporarily shifts at step five to the Commissioner. The Commissioner must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform. In order to be considered disabled, the claimant must then prove that he is unable to perform the jobs that the Commissioner lists. The temporary shifting of the burden to the Commissioner was initiated by the courts, and is not specifically provided for in the statutes or regulations.

*Id.* (internal citations omitted).

5

determined that Plaintiff has the severe impairments of degenerative joint disease of the left knee and shoulder, degenerative disc disease of the cervical spine, and morbid obesity. R. 12.[5] The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or equals the listings. R. 14.

The ALJ further determined that Plaintiff has the RFC to perform light work[6] with the following limitations: standing/walking is limited to two hours a day, Plaintiff can sit for eight hours a day; no climbing of ladders, ropes, and scaffolds; no more than occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs; no concentrated exposure to extreme heat, dust, fumes, odors, gases, poor ventilation and hazards such as unprotected heights and dangerous machinery; and no more than occasional lifting overhead with the left dominant arm. R. 15.

---

[5] The ALJ further found that Plaintiff's history of hypothyroidism, migraines, asthma, and low back pain represent non-severe impairments and her alleged stroke and pseudo seizures do not represent medically determinable impairments. R. 13-14.

[6] *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567, 416.967

6

In formulating Plaintiff's RFC, the ALJ evaluated her subjective complaints pursuant to § 404.1529 and SSR 16-3p and concluded that Plaintiff's subjective complaints regarding the limiting effects of her impairments were not entirely consistent with the objective medical evidence and other evidence of record. R. 15. The ALJ did this after setting forth Plaintiff's subjective symptoms and the medical evidence in the record, and weighing the medical opinion evidence. R. 15-21.

The ALJ determined that, based on her RFC, Plaintiff is unable to perform any past relevant work. R. 21. Based upon the testimony of a vocational expert (VE), the ALJ determined that in light of Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. 22. The ALJ therefore found that Plaintiff was not disabled as defined in the SSA from March 2, 2013, through the date of the decision. R. 22-23.

## IV.  DISCUSSION

**A. The ALJ did not err in weighing the medical opinion evidence**

In her first ground for relief, Plaintiff asserts that the ALJ "cherry picked the medical evidence, trivialized Plaintiff's daily migraine headaches and minimized the findings of the treating physicians, all of whom are attending physicians at a major medical school, in favor of the opinions of a

1 time consulting physician." ECF No. 18 at 18. However, despite filing a twenty-two page memorandum, Plaintiff offers very little in the way of argument in support of her general contention that the ALJ's decision is unsupported by substantial evidence.

Plaintiff takes issue with the weight the ALJ assigned to the opinion of Dr. Frank Ellis, Plaintiff's treating physician at the Orthopaedic Institute. According to Plaintiff, the ALJ improperly rejected Dr. Ellis' opinion regarding Plaintiff's knee injury and attendant physical limitations, which support Plaintiff's complaints of knee pain.

As the ALJ noted, Plaintiff injured her left knee while working when she tripped and fell getting off of a bus. R. 16, citing Ex. 3F at 3-6. A MRI of her left knee showed a radial tear of the body of the lateral meniscus; subtle, impacted subchondral fracture of the anterior lateral femoral condyle with reactive edema/osseous contusion; osseous contusion of the proximal and lateral aspect of the tibia; and broad based grade III chrondromalacia within the medial compartment and focal grade III and IV chondromalacia within the lateral compartment; small popliteal cyst; and small loose body. R. 17, citing Exs. 2F at 20-21, 3F at 17-18, and 6F at 1-2.

In December of 2012, Plaintiff underwent a left knee arthroscopy, partial lateral meniscectomy, and abrasion arthroplasty. R. 17, citing Ex. 6F

at 8-10. During a post-op appointment at the Orthopaedic Institute in January of 2013, Plaintiff complained of pain in the posterior aspect of her knee; however, the pain level had improved since surgery. R. 17., citing Ex. 3F at 2.

Dr. Ellis completed a DWC-25 form returning the Plaintiff to work on January 22, 2013, with the following limitations: avoid squatting, kneeling, lifting over five pounds, or prolonged walking. However, Dr. Ellis noted Plaintiff was capable of doing a light duty job, and her employer had sent a note stating they had something for her to do. R. 17, Ex. 3F at 2.

Notes from a second post-op appointment in March of 2013 reflect Plaintiff was benefiting from physical therapy but ran out of visits. She had continued complaints of pain in the posterior aspect of her knee, which Dr. Ellis believed might have been consistent with popliteal cyst. Although an exam revealed tenderness in the posterior aspect of the knee and media and lateral instability Plaintiff had no severe pain in medial or lateral compartments. Plaintiff's motor strength and sensation were normal in her left leg, and Dr. Ellis continued Plaintiff on the same work restrictions: lift under five pounds, no squatting, kneeling, or bending; and no prolonged standing. R. 17, citing Ex. 14F at 10.

A MRI of the left knee in April of 2013 showed partial meniscectomy changes of the body of the lateral meniscus with remnant showing fraying, but no new grade III signal; development of a bone marrow I edema of the medial femoral condoyle; increasing in overall area of involvement of grade IV chondromalacia within the lateral compartment since prior study; likely sequela of chondroplasty in the medical compartment with no new grade III or IV chondromalacia; table mild grade II and III chondromalacia within the patellofemoral joint; no change in position or size of loose body that was intra-articular; no significant change in the overall size of popliteal cyst; and complete resolution of the osseous contusion of the proximal and anterior aspect of the tibia. R. 17, citing Ex. 14F at 3-5.

At a third post-operative appointment at the Orthopaedic Institute in August of 2013, Plaintiff had continued complaints of pain in the knee posteriorly and anteriorly with occasional swelling with increased activity. She had been denied for aspiration of popliteal cyst. Examination of the left knee revealed decreased range of motion, tenderness posteriorly with Baker's cyst, and pain with patellofemoral compression. However, joint lines were non-tender and medial and lateral McMurray was negative. Dr. Ellis stated that Plaintiff should continue with work restrictions: no kneeling, squatting, twisting, or prolonged standing. R. 18, citing 14F at 12-14.

In August of 2013, Dr. Ellis stated that he would defer to a physiatrist's opinion as to Plaintiff's work restrictions. R. at 476. On October 9, 2013, Wilda Murphy, M.D., a physiatrist, opined that Plaintiff was restricted only to carrying, pushing, and pulling 30 pounds and occasionally reaching overhead. Dr. Murphy further stated that Plaintiff was okay to drive a car or bus. R. 20, citing Ex. 8F at 34.

In June of 2014, Dr. Eftim Adhami examined Plaintiff at the request of the SSA. The exam showed that Plaintiff's left knee had full range of motion and no crepitus. Dr. Adhami diagnosed morbid obesity exacerbating pain in weight bearing areas, but no arthritic findings on exam of weight bearing joints. R. 18, citing Ex. 10F at 6. In March of 2016, Dr. Paru Mehta diagnosed osteoarthritis of both knees. R. 19, citing Ex. 15F.

In weighing Dr. Ellis' opinion, the ALJ wrote:

> The [ALJ] has considered the opinions of Dr. Ellis of lifting/carrying 25 pounds maximum and no prolonged walking and gives them great weight. However, he gives less weight to his opinions of no squatting, kneeling, twisting, or lifting over 5 pounds as these were given just a few months following surgeries (Exhibits 3F/2 and 26-29; 5F/1, 9, 13, 15, 19, and 21; and 14F/2, 7, 9, 10, and 13). Furthermore, the limitations regarding no squatting, kneeling, twisting or lifting over 5 pounds did not last a continuous period of 12 months; and the remaining limitations are consistent with the residual functional capacity established in this decision. The undersigned also notes that examinations and diagnostic testing do not document any objective medical findings that would prevent the claimant from performing a reduced range of light work.

R. 20.

When evaluating an applicant's claim for social security disability benefits, the ALJ must give "substantial weight" to the opinion of the applicant's treating physician "unless good cause exists for not heeding the treating physician's diagnosis." *Edwards*, 937 F.2d at 583; *see also Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) ("It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." (alteration and internal quotation marks omitted)). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citation and quotation omitted).

An ALJ does not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradict the opinion. *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citation omitted). If the ALJ disregards or accords less weight to the

opinion of a treating physician, the ALJ must clearly articulate his reasons, and "the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d at 1436, 1440 (11 Cir. 1997). The opinion of a reviewing, non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However, good cause may arise when a treating physician's report is wholly conclusory or not accompanied by objective medical evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (per curiam).

In according less weight to Dr. Ellis' opinion that Plaintiff should avoid squatting, kneeling, twisting, or lifting over five pounds, the ALJ explained that Dr. Ellis gave the limitations in the months following Plaintiff's knee surgery, when she was still in the post-op recover period. R. 20. The ALJ further explained that examinations and diagnostic testing do not document any objective medical findings that would prevent Plaintiff from performing a reduced range of light work. R. 20.

Thus, the ALJ had good cause for not according substantial weight to Dr. Ellis' opinion in that the medical evidence in the record did not preclude light work with the limitations the ALJ fashioned, and the ALJ clearly articulated his reason for doing so. Based on Plaintiff's knee injury, the ALJ

13

fashioned an RFC that included no more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs. Plaintiff has failed to show that the ALJ's finding is unsupported by substantial evidence.

### B. The ALJ properly concluded that Plaintiff's subjective complaints were not fully credible

Plaintiff further suggests that the ALJ erred in discounting Plaintiff's subjective complaints. Again, despite filing a twenty-two page brief, Plaintiff provides very little argument in support of this argument aside from alleging that "[b]y minimizing Plaintiff's knee pain, the ALJ was able to give lip service to, and not apply the obesity ruling." ECF No. 18 at 20. Notably, Plaintiff does not, for example, point to what specific subjective complaints the ALJ should have credited in full, nor does she point to evidence in the record in support of Plaintiff's subjective complaints.

When a claimant attempts to establish disability through her own testimony about her subjective symptoms, a three-part "pain standard" applies. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The standard requires: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.*; *See*

§ 404.1529 (which contains the same language regarding the subjective pain testimony that the Eleventh Circuit interpreted when initially establishing its three-part pain standard); SSR 16-3p. If the ALJ determined that the claimant has a medically determinable impairment that could reasonably be expected to produce the pain or other symptoms, then the ALJ evaluates the extent to which the intensity and persistence of those symptoms limit her ability to work. 20 C.F.R. § 404.1529(b).

To determine credibility, the ALJ considers objective medical evidence and information from the claimant and treating or examining physicians, as well as other factors such as evidence of daily activities, the frequency and intensity of pain, any precipitating and aggravating factors, medication taken and any resulting side effects, and any other measures taken to alleviate the claimant's pain or other symptoms. *See* 20 C.F.R. § 404.1529(c)(2), (3); SSR 96-7p.

A claimant's testimony supported by medical evidence that satisfies the pain standard is sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ "must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective pain

testimony requires . . . that the testimony be accepted as true." *Id.* at 1561-62.

After describing in detail the objective medical evidence of record, summarizing Plaintiff's testimony, and considering other additional factors as required by 20 C.F.R. § 404.1529 and SSR 16-3, the ALJ made the following findings regarding Plaintiff's subjective complaints:

> [A]lthough the claimant testified to daily activities, which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.
>
> Second, although the claimant has received treatment for the allegedly disabling impairments, that treatment has been essentially routine and/or conservative in nature. Furthermore, the record shows the claimant failed to show up for doctor appointments on a number of occasions. The undersigned also notes that the evidence of record shows the claimant's treatment has been generally successful in controlling her symptoms when she is compliant. However, there is evidence of non-compliance with treatment follow-ups, treatment recommendations, and medication. Furthermore, examinations and diagnostic testing do not document any objective medical findings that would prevent the claimant from performing work activity within the established [RFC].
>
> Third, the description of symptoms and limitations, which the claimant has provided throughout the record, has generally been inconsistent and unpersuasive. Another factor influencing the conclusions

> reached in this decision is the claimant's generally unpersuasive appearance and demeanor while testifying at the hearing. The undersigned notes the claimant portrayed no evidence of pain or discomfort while testifying at the hearing. While the hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall level of pain on a day-to-day basis, the apparent lack of discomfort during the hearing is given some slight weight in reaching the conclusion regarding the persuasiveness of the claimant's allegations and the claimant's [RFC]. Furthermore, certain aspects of doctor's opinions are in fact consistent with the [RFC] determined in this decision.

R. 15-21 (citations omitted). Regarding the obesity listing, the ALJ

concluded:

> The [ALJ] notes that, although there is no longer a listing for obesity, he has considered the claimant's obesity using the criteria of the musculoskeletal impairment sunder Listing 1.00Q (*See* Social Security Ruling 02-1p.) The undersigned notes the record does document degenerative joint disease of the left knee and degenerative disc disease of the cervical spine. However, she has had no amputations, fractures, or soft tissue injuries. Furthermore, there is no indication in the record that the claimant's obesity, alone or in combination with any other impairment, has given rise to a condition of listing-level severity.
>
> However, the undersigned has considered not only the objective evidence but also the claimant's subjective complaints and her obesity. Given the evidence regarding the claimant's weight and limited mobility, the undersigned concludes the claimant's musculoskeletal pain would preclude the ambulation and exertion required in work above the sedentary to light level of exertion. Furthermore, the claimant would have limitations in her ability to perform a variety of postural activities, such that these should not be performed on more than an occasional basis except for climbing of ladders, ropes, and scaffolds, which should never be performed.

R. 15.

As discussed above, the ALJ made a clearly articulated credibility finding and pointed to specific reasons for discrediting Plaintiff's subjective complaints. The ALJ further cited to substantial evidence in the record to support the conclusion that Plaintiff's complaints do not demonstrate an inability to work. Contrary to Plaintiff's contention that the ALJ ignored evidence favorable to her, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ's decision in this case was not a broad rejection and was sufficient to enable this Court to conclude the ALJ considered Plaintiff's medical condition as a whole. Accordingly, Plaintiff has failed to meet her burden of showing that the ALJ's finding is unsupported by substantial evidence.

## V.  RECOMMENDATION

In light of the foregoing it is **RECOMMENDED** that the decision of the Commissioner should be **AFFIRMED**.

**DONE AND ORDERED** this 21st day of January 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**